UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-CIV-61165-COHN/SELTZER

JAMES K. FIANO,

    Plaintiff,

v.

MEDDIRECT, INC.,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant's Motion for Summary Judgment [DE 16].  The Court has carefully reviewed the Motion for Summary Judgment, Plaintiff's response [DE 21], Defendant's reply [DE 24], and is otherwise advised in the premises.

### I. BACKGROUND

This case involves attempted debt collection.  See DE 1 ¶ 9 ("Complaint").  Specifically, Defendant attempted to collect anaesthesiology fees associated with a surgical procedure performed on Plaintiff's hand in 2008.  Defendant, in efforts to collect the debt, left five messages on Plaintiff's voice mail between April 2008 and July 2008.[1]  See id. ¶ 10.  Defendant also left other similar or identical messages for Plaintiff.  See id. ¶ 11.  Furthermore, Plaintiff alleges that "Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to

---

[1] For example, on April 28, 2008, Defendant left the following message for Plaintiff: "Hi James.  This is Bill with Meddirect.  Can you please give me a call.  It is important that I speak with you today before five.  My number is 866-770-2116 or you can give me a call at my direct line that [sic] 616-464-9503.  Thank you."  Complaint ¶ 10.  The other four calls are very similar.

disclose the purpose of Defendant's messages and failed to disclose Defendant's name." Id. ¶ 13.

As a result, Plaintiff filed a three-count Complaint on July 31, 2009.[2] Count I alleges that "Defendant failed to disclose in the telephone messages that it is a debt collector" and thereby violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). Id. ¶ 15.  Count II asserts that "Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages" and thereby violated the FDCPA.  Id. ¶ 17.  Count III alleges that "[b]y failing to disclose its name, that it is a debt collector, and the purpose of its communication, by creating a false sense of urgency, and by claiming the messages were important when they were not, Defendant willfully engaged in conduct the natural consequence of which is to harass" and thereby violated section 559.72(7), Florida Statutes ("the Florida Consumer Collection Practices Act" or "FCCPA").[3]

On March 19, 2010, Defendant filed its Motion for Summary Judgment.  In its

---

[2] The Complaint, on its face, contains four counts.  Count IV purports to be a claim for declaratory and injunctive relief pursuant to the FCCPA.  Count IV, however, alleges no actual violation of the FCCPA.  Rather, Count IV is merely remedial in nature and fails to state a separate cause of action.  The Court therefore finds that Count IV is merged with Count III.

[3] Section 559.72(7) provides as follows:

> In collecting consumer debts, no person shall: . . .Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family[.]

2

Motion for Summary Judgment, Defendant contends that "there is no genuine issue of material fact since the undisputed evidence before this court demonstrates that the Defendant is not a 'debt collector' as that term is defined under the FDCPA."  Motion for Summary Judgment at 2.  Defendant further contends that Plaintiff cannot prevail on his FCCPA claims because "any alleged failure to comply with the federal 'debt collector' disclosure does not constitute a violation of section 559.72(7), Florida Statutes.  Id.

The Court addresses each of Defendant's arguments.

## II. DISCUSSION

### A. Legal Standard

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the non-moving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of  Fed. R.

Civ. P. 56(e), the non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

### B. FDCPA

Defendant argues that Plaintiff cannot prevail on his FDCPA claims because Defendant was not subject to the FDCPA. Specifically, Defendant maintains that Plaintiff's alleged debt was not in default at the time Defendant obtained the account. Thus, Defendant contends, "[i]f an entity is attempting to collect a debt obligation which was not in default at the time the entity obtained the account, such billing efforts and communications are exempt under the [FDCPA]." Motion for Summary Judgment at 4 (citing 15 U.S.C. § 1692a(6)(F)(iii) ("The term ['debt collector'] does not include any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person[.]").

To support its argument, Defendant relies on an affidavit executed by Al Ott. Mr. Ott is the Compliance Manager for Defendant. Motion for Summary Judgment at 19

4

("Ott Affidavit").  Mr. Ott averred that Defendant "was hired to perform billing services and request payment of an amount allegedly due and owing by [Plaintiff] on an Anesthesiology Consultants fo Palm Beach Medical Bill."  Id.  Mr. Ott further averred that "[o]n March 21, 2008, Anesthesiology Consultants of Palm Beach forwarded Mr. Fiano's account to [Defendant] for billing and recovery [and that] accounts forwarded by this client are not deemed in default."  Id.

Defendant also relies on an affidavit executed by Rick Snow.  Rick Snow is "the Senior Vice President of Legal Affairs and General Counsel for Medac, Inc., agent for Anesthesiology Consultants of the Palm Beaches, P.A. which is a medical healthcare provider."  Motion for Summary Judgment at 21 ("Snow Affidavit").  Mr. Snow averred that Defendant "was hired to perform billing services and request payment of an amount allegedly due and owing by [Plaintiff] on an Anesthesiology Consultants of the Palm Beaches medical bill."  Id.  Mr. Snow further averred that Plaintiff's account "was not considered in default at the time that the account was sent to [Defendant] nor at anytime in which [Defendant] attempted to communicate with [Plaintiff]."  Id.

The Ott Affidavit and Snow Affidavit ("the Affidavits") constitute evidence that Plaintiff's account was not in default.  Stated differently, the Affidavits are evidence that Defendant's communications with Plaintiff were not subject to the FDCPA.  Thus, the burden shifts to Plaintiff to demonstrate that a material issue of fact exists regarding whether Defendant was a debt collector as that term is defined in the FDCPA.

Plaintiff argues that "[t]here is no evidence that Anesthesiology Consultants of the Palm Beaches, P.A. is the original creditor."  DE 21 at 2.  The Court disagrees.  As demonstrated above, the Affidavits constitute evidence that Anesthesiology Consultants

of the Palm Beaches, P.A. was the original creditor. The Court, therefore, summarily rejects Plaintiff's argument that Defendant has failed to produce evidence that identifies the original creditor.

Alternatively, Plaintiff argues that Defendant has not produced any evidence that the debt was not in default when the original creditor assigned the account to Defendant. Again, the Court disagrees. The Affidavits explicitly state that the account was not deemed in default when Defendant obtained the account. Plaintiff may disagree with the information in the Affidavits, but Plaintiff's disagreement does not render the Affidavits nullities. Indeed, parties routinely use self-serving affidavits to support or oppose a motion for summary judgment. See, e.g., Newsome v. Chatham County Detention Center, 256 Fed. App'x 342, 346 (11th Cir. 2007) ("[F]or purposes of summary judgment, 'self-serving testimony,' . . . may not be disregarded by the district court in determining whether there is a genuine dispute of fact on a material issue in the case. [Indeed] 'Courts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving.'" Id. (quoting Price v. Time, Inc., 416 F.3d 1327, 1345 (11th Cir. 2005)).

Plaintiff has produced no evidence that the debt Defendant attempted to collect was in default at the time Defendant obtained the account. Thus, no material issue of fact exists regarding whether Defendant was acting as a debt collector when it communicated with Plaintiff. The Court, therefore, will grant Defendant's Motion for Summary Judgment on Plaintiff's FDCPA claims.

### C. FCCPA

Defendant contends that the Court should grant Defendant's Motion for

Summary Judgment as to Count III.  According to Defendant, "Plaintiff merely asserts that the Defendant's alleged failure to disclose that it was a 'debt collector' and the purpose of the communication was in violation of Florida statute by 'willfully engaging in conduct the natural consequence of which is to harass.'"  Motion for Summary Judgment at 5.  Plaintiff, in its response, asserts that Defendant has misconstrued Plaintiff's Complaint.  See DE 21 at 8.

Plaintiff concedes that "the FCCPA does not require a debt collector to state its name in communications with a debtor unless asked to do so."  Id.  Notwithstanding, Plaintiff maintains that Defendant violated the FCCPA when "it created a false sense of urgency in the telephone messages and that it claimed the messages were important when they were not."  Id.  As Defendant points out, however, Plaintiff "cites to no case law, authority or other interpretation of Section 559.72(7)" to support his argument that "'creating a false sense of urgency' or 'claiming messages are important when they are not' constitutes willful conduct that can be reasonably be expected [sic] to abuse or harass the debtor or his or her family."  DE 24 at 5.  This Court does not find that a message purporting to be important or time-sensitive, without more, constitutes conduct the natural consequence of which is to harass an alleged debtor.  Thus, to support his FCCPA claims, Plaintiff must show that Defendant took some other action to harass Plaintiff.

Plaintiff avers that Defendant left five messages on Plaintiff's voice mail over a period of four months in an effort to collect the alleged debt.  See DE 22 ¶ 13 ("Plaintiff's Affidavit").  Calling Plaintiff roughly once per month does not constitute harassment.  Cf. Schauer v. Morse Operations, Inc., 5 So. 3d 2 (Fla. Dist. Ct. App.

2009) (finding seven telephone calls over six months in attempt to collect loan in default were neither so frequent nor so harassing so as to violate FCCPA).  In other words, Plaintiff has set forth no evidence that Defendant engaged in conduct the natural consequence of which is to harass Plaintiff.  The Court will grant Defendant's Motion for Summary Judgment.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment [DE 16] is **GRANTED**.

2. The Clerk shall **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida this 12th day of May, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record.